**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacia C. Hill,<br><br>      Plaintiff,<br><br>v.<br><br>Phoenix, City of, et al.,<br><br>      Defendants. | No. CV-13-02315-PHX-DGC<br><br>**ORDER** |

  Plaintiff Stacia Hill brought suit against the City of Phoenix ("the City"), City of Phoenix Police Department, and City of Phoenix Chief of Police Daniel V. Garcia. Plaintiff claims that Defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626.  Doc. 1.

  The City moves to dismiss the Police Department as a non-jural entity and the Police Chief as an individual not subject to suit under Title VII, the ADA, or the ADEA. Doc. 21.  The City also moves to dismiss the Plaintiff's claims of sex discrimination, age discrimination, and retaliation on the grounds that Plaintiff failed to exhaust administrative remedies.  *Id.*  Alternatively, the City moves to dismiss the retaliation and age discrimination claims for failing to plead either age or a protected act as the "but for" cause of the adverse employer action.  *Id.*  The motion is fully briefed.  Docs. 21, 24, 30.

The Court will grant the motion in part and deny it in part.[1]

**I.   Background.**

Plaintiff alleges the following facts in her complaint, which are assumed true for the purposes of this motion. Plaintiff was employed by the City of Phoenix Police Department on November 18, 1991. Doc. 1, ¶ 6. Plaintiff had medical disabilities involving both sleep issues and a right ankle injury. *Id.* at ¶ 15. Plaintiff provided her employer with medical documentation of these disabilities, and requested the accommodations of allowing her "to work a dayshift and . . . a sedentary desk position." *Id.*, ¶ 15; Doc. 24-2.

On February 27, 2012, the City placed Plaintiff on limited work status and assigned her to the dayshift. Doc. 1, ¶ 8; Doc. 24 at 2. Before Plaintiff reported to her new placement, Plaintiff's younger male boss, Lt. Lopez, divulged Plaintiff's personal and medical information to the employees of the office assigned under Plaintiff's command. Doc. 1, ¶ 16. Lt. Lopez made additional derogatory comments to the office about her likelihood of reporting to her new post. *Id.* Plaintiff was assigned job duties outside her doctor's restrictions for weight-bearing activities. *Id.* at ¶ 50. Plaintiff was also assigned responsibilities previously assigned to a male coworker, and was blamed for the coworker's failings. *Id.*, ¶ 24-25. Lt. Lopez would treat Plaintiff differently than male coworkers; specifically, he would minimize her job performance when talking to her coworkers, exclude her from activities, and give her negative feedback for conduct he ignored when committed by male coworkers. *Id.*, ¶ 27.

Plaintiff complained to Lt. Lopez and management on multiple occasions regarding Lt. Lopez's poor management style, professionalism, and bullying. *Id.*, ¶ 28. Plaintiff's complaints to management also included allegations of younger Hispanic male coworkers destroying her work and taking credit for her work. *Id.*, ¶ 29. These complaints "fell on deaf ears." *Id.* Management conducted no investigation and took no

---

[1] Defendant's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. Pr. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

action to correct the problems. *Id.* Plaintiff was performing well according to supervisory notes. *Id.*, ¶ 33. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on July 1, 2012. *Id.*, ¶ 9. Plaintiff was taken off work by her physician on July 13, 2012. *Id.*, ¶ 45.

Plaintiff was terminated on July 30, 2012. *Id.*, ¶ 12. Steps outlined in the Police Department Human Resources Management guide were not followed. *Id.*, ¶ 22.

On October 13, 2012, Plaintiff filed an updated EEOC charge containing the following particulars:

> I was hired on 11/18/1991 as a Police Recruit. My last job title was Police Sergeant.
>
> My Badge Number was 5589.
>
> My employer was aware of my medical condition(s) and the need for accommodation.
>
> I was terminated on 07/30/2012.
>
> Statement of Discrimination: I believe I was discriminated against in violation of Title VII . . . the [ADA], and the [ADEA].

Doc. 24 at 17. The charge also contained checked boxes for discrimination based on sex, age, disability, retaliation, and other. *Id.* Plaintiff received a 'right to sue' letter from the EEOC on August 15, 2013. Doc. 1 at ¶ 10.

In September or October 2013, Plaintiff attended the Mayor's Commission on Disabilities and was denied the opportunity to ask questions regarding her termination. Doc. 1, ¶¶ 59, 83. When Plaintiff further attempted to contact the Mayor, she "was told to quit harassing city employees and management." *Id.*, ¶¶ 60-61, 84.

On November 13, 2013, Plaintiff brought this action alleging (1) sex discrimination; (2) age discrimination; (3) disability discrimination; (4) unlawful retaliation. Doc. 1.

/ / /

## II. Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis.

### A. Phoenix Police Department.

The City moves to dismiss the Police Department as a non-jural entity. Doc. 21 at 8. Plaintiff does not dispute the request in her response brief. This Court has held that the Phoenix Police Department is a subpart of the City of Phoenix, not a separate entity for purposes of suit. *See Gotbaum v. City of Phoenix,* 617 F. Supp.2d 878, 886-87 (D. Ariz. 2008); *see also Flores v. Maricopa Cnty.*, No. CV-09-0945-PHX-DGC, 2009 WL 2169159, at *3 (D. Ariz. July 1, 2009). Claims against the Police Department will therefore be dismissed.

### B. Chief of Police.

The City also moves to dismiss Chief of Police Daniel Garcia from the lawsuit. Doc. 21 at 8. Plaintiff again does not dispute the request. The Ninth Circuit has held that Title VII, ADA, and ADEA actions do not include civil liability for employees or

supervisors in their individual capacities. *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587–88 (9th Cir.1993) (deciding that Congress did not intend to allow civil liability to run against individual employees); *Walsh v. Nev. Dep't. of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) (holding that individual defendant's cannot be held personally liable for violations of the ADA). The Court will dismiss Defendant Garcia.

### C. Failure to Exhaust Administrative Remedies.

The City moves to dismiss Plaintiff's claims for sex discrimination under Title VII, age discrimination under the ADEA, and retaliation, contending that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies. Doc. 21 at 10. The Court will consider Plaintiff's EEOC charge and "right to sue" letter attached to the City's motion and Plaintiff's response.[2]

To pursue a civil action for discrimination claims under Title VII, the ADA, or the ADEA, a plaintiff must first file a timely charge with the EEOC. 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117; 29 U.S.C. § 626(d); *Walsh*, 471 F.3d at 1038; *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 386 (9th Cir. 1990). This requirement serves the important purpose of providing the EEOC an opportunity to investigate discriminatory practices and perform its roles of obtaining voluntary compliance and promoting conciliation. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

"The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). The Court's jurisdiction extends over all allegations of discrimination falling within the scope of the actual EEOC investigation, or an

---

[2] "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court may, however, consider evidence on which the complaint necessarily relies if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id.* A court may also consider documents of which it takes judicial notice, including those that are matters of public record such as charges filed with the EEOC. *Gallo v. Bd. of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995). Plaintiff's complaint refers to the EEOC charge and the "right to sue" letter (Doc.1, ¶¶9-10), the documents are central to Plaintiff's claim, and the authenticity of the documents is not contested.

- 5 -

1  investigation which can reasonably be expected to grow out of the charge. *Vasquez v.*
2  *Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003); *B.K.B.*, 276 F.3d at 1100. To determine
3  whether a plaintiff exhausted allegations not specified in her administrative charge, the
4  Court should consider such factors as (1) alleged basis of discrimination, (2) dates of
5  discrimination specified in the charge, (3) perpetrators of discrimination named in the
6  charge, (4) locations at which discrimination is alleged to have occurred, and (5) the
7  original theory of the case presented in the charge. *B.K.B.*, 276 F.3d at 1100.

8        EEOC charges should be construed "with the utmost liberality since they are made
9  by those unschooled in the technicalities of formal pleading." *Id*. "The substance of the
10 administrative charge, rather than its label, is the concern of Title VII." *Ong v. Cleland*,
11 642 F.2d 316, 319 (9th Cir. 1981). "The EEOC charge must at least describe the facts
12 and legal theory with sufficient clarity to notify the agency that employment
13 discrimination is claimed." *Id*. at 319 (quoting *Cooper v. Bell*, 628 F.2d 1208, 1211 (9th
14 Cir. 1980)); *see also Pripilitsky v. Corp. Serv. Co.*, No. CV-10-2222-PHX-GMS, 2011
15 WL 1884798 (D. Ariz. May 18, 2011). The mere formality of checking a box on the
16 EEOC charge form is not dispositive of administrative exhaustion. *See Pripilitsky*, 2011
17 WL 1884798 (finding a plaintiff had not exhausted her administrative remedies regarding
18 a retaliation claim despite having checked the retaliation box on her administrative
19 charge).

20       In *B.K.B.*, the Ninth Circuit considered whether a plaintiff had exhausted her
21 administrative remedies despite providing "exceedingly sparse" facts in the
22 administrative charge. 276 F.3d at 1100. The plaintiff had checked the appropriate
23 boxes and had completed a pre-complaint questionnaire with specific examples of
24 discrimination. *Id.* In addition, an agency employee provided a declaration suggesting
25 that the factual deficiencies in the charge should be attributed to the agency. *Id.*
26 Although finding it a close question, the court held that the plaintiff had exhausted her
27 administrative remedies and reversed the grant of summary judgment. *Id.* at 1103.

28       The Ninth Circuit has also made clear, however, that a federal court should not

consider a plaintiff's claim if the facts of the complaint differ from the facts contained in the administrative charge to such an extent that consideration by the court would circumvent the policies behind the exhaustion requirement. *Ong*, 642 F.2d at 319; *see also Pripilitsky*, 2011 WL 1884798 at *4. In *Ong*, the plaintiff took disability retirement in the midst of her ongoing EEOC claim. 642 F.2d at 318. The plaintiff thereafter filed suit for constructive discharge. *Id*. The Ninth Circuit held the plaintiff had not exhausted her administrative remedies because she did not provide facts regarding a constructive discharge claim in her EEOC charge, nor did she amend the EEOC charge to include such facts. *Id.* at 320.

Plaintiff similarly provided no facts in her administrative charge regarding sex discrimination, age discrimination, or retaliation. And like the claimant in *Ong*, Plaintiff had opportunities to amend her charge to include additional facts. Indeed, she amended her charge three times, filing the final charge more than three months after her first charge and some ten weeks after her termination.[3] Unlike the charge in *B.K.B.*, where the sparse facts were found sufficient only when considered alongside a detailed pre-complaint questionnaire and evidence of agency negligence, Plaintiff's charge was not accompanied by a factual supplement or other explanatory document, nor does Plaintiff claim that agency negligence caused her deficient charge.

Even when construed with the utmost liberality, Plaintiff's EEOC charge simply does not contain allegations of sex discrimination, age discrimination, and retaliation. Nor can the Court find that an investigation of such wrongdoing reasonably could have grown out of her charge – the charge does not provide a single circumstance, name, or fact that could provide a basis for such an investigation. *See* Doc. 24 at 17. Additionally, when asked when the discrimination occurred, Plaintiff's charge notes only "07-30-2012," the date of her termination, and leaves blank the box indicating a continuing offense. Her complaint, by contrast, details allegations of discrimination occurring over

---

[3] Plaintiff filed her initial EEOC charge on July 1, 2012; Plaintiff was terminated on July 30, 2012; and Plaintiff amended her charge on September 15, September 26, and October 13, 2012. Doc. 24 at 17.

- 7 -

an extended period of time, beginning even before Plaintiff reported to her reassignment position in February 2012. *Id.*; Doc. 1, ¶¶ 16-33.

Plaintiff contends that the City's motion should be denied because she filed an EEOC charge and received a "right to sue" letter. Doc. 24 at 4. But mere filing of a charge and receipt of a "right to sue" letter do not establish this Court's jurisdiction.

Plaintiff's claims of sex discrimination in violation of Title VII, age discrimination in violation of the ADEA, and retaliation will be dismissed for lack of exhaustion.

### D. Motion to Dismiss Other Claims

The City moves to preclude Plaintiff for seeking relief on behalf of third parties mentioned in the complaint. Doc. 21 at 9. Courts typically do not allow third parties to litigate the rights of others. *Singleton v. Wulff*, 428 U.S. 106, 108 (1976); *Isaacson v. Horne*, 716 F.3d 1213, 1221 (9th Cir. 2013). While Plaintiff's complaint does mention a fellow officer and describes acts of alleged discrimination against that officer, Plaintiff does not request relief or damages on behalf of the officer. Doc 1, ¶38-40. Because the Court does not read Plaintiff's complaint as asserting the rights of a third party, the issue is moot.

The City moves to dismiss Plaintiff's claims of harassment and retaliation allegedly following the incident in "September or October 2013." Doc. 21 at 21. Plaintiff's complaint does not detail how the incident supports a claim for harassment or retaliation under Title VII, the ADA, or the ADEA; nor does Plaintiff address the issue in her response brief. To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's complaint falls well short of this standard with regard to the harassment and retaliation claims. Additionally, Plaintiff has not exhausted her administrative remedies with regard to these claims if they are being presented under Title VII, the ADA, or the ADEA. Accordingly, the claims must be dismissed.

The City moves to dismiss Plaintiff's request for attorney's fees because Plaintiff was a self-represented party at the time of the motion. A *pro se* litigant may not be

awarded attorney's fees under a federal statute, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991), but Plaintiff is now represented by Council. Doc. 23. A present determination on attorney's fees would be premature, and as such the City's motion is denied.

Finally, the City also moves to dismiss potential § 1983 claims not yet made by Plaintiff. Doc. 21 at 19. The Court will not give an advisory opinion.

**IT IS ORDERED** that the City's motion to dismiss (Doc. 21) is **granted in part and denied in part** as set forth above.

Dated this 6th day of October, 2014.

_____
David G. Campbell
United States District Judge