1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9   Stacia C. Hill,

10                              Plaintiff,

11   v.

12   City of Phoenix, et al.,

13                              Defendants.

14

No. CV-13-02315-PHX-DGC

**ORDER RE JANUARY 19, 2016
HEARING**

15
16
17
18
19

The parties should be prepared to address the following matters at the oral argument to be held on January 19, 2016.  Answers should be provided on the basis of evidence already in the summary judgment record; these questions do not constitute an opportunity to present additional evidence.

20
21
22
23
24
25
26
27
28

1.      Plaintiff states: "By mid-April 2012, Plaintiff began to experience ankle pain due being on her feet ninety-five percent of her shift."  Doc. 70, ¶ 276 (citing Ex. 1 at 270:10-271:10; Ex. 3 at 26:11-17)).  Defendants contend that the City was not informed until July 26, 2012 that Plaintiff's ankle condition had worsened or that her position required her to spend too much time on her feet.  Doc. 76, ¶ 276; *see also id.*, Ex. 56, ¶ 46 (deposition of Anthony Lopez, stating "I never saw Plaintiff limping nor was I aware that she felt she was spending too much time on her feet.").  Plaintiff shall be prepared to direct the Court to any evidence in the record showing that she communicated her ankle-related concerns to the City before July 26, 2012.

1        2.      Plaintiff indicated in her deposition that she began researching long-term

2 disability ("LTD") options in April 2012.  She states in her motion for summary

3 judgment that she "only elected to pursue long term disability benefits because Defendant

4 refused to provide reasonable employment accommodation for her disabilities."  Doc. 69

5 at 9.  Plaintiff shall be prepared to direct the Court to any evidence in the record that

6 shows she sought additional accommodations or alerted Defendant to any worsening of

7 her conditions before beginning her research into LTD in April 2012.

8        3.      For both sides:  What evidence in the record shows when Plaintiff first

9 requested that she be permitted to work four ten-hour days?

10       4.      For Plaintiff:  What evidence shows that Off Duty supervision was more

11 sedentary than the front desk job, and what evidence shows that Plaintiff ever requested

12 that position?

13       5.      Questions for Defendants:  Plaintiff states in her affidavit and testified in

14 her deposition that she was not aware of the May 31, 2012 meeting arranged by

15 Lieutenant Lopez and that the meeting did not concern ADA matters in any event.  Isn't

16 it true that the Court must accept these assertions as true for purposes of ruling on

17 Defendants' motion for summary judgment?  If so, isn't it also true that Plaintiff's failure

18 to attend the May 31 meeting cannot provide a basis for ruling on summary judgment that

19 she was responsible for breakdown of the interactive process?

20       6.      Questions for Defendants:  The evidence in this case shows that Defendants

21 provided Plaintiff with "reasonable accommodation medical questionnaires" on

22 June 26, 2012, for purposes of clarifying her medical conditions and assessing possible

23 accommodations.  Doc. 68, Ex. 8.  Plaintiff contends that she returned the questionnaires.

24 Doc. 71, ¶¶ 206-208.  Isn't true that the Court must accept this fact as true for purposes of

25 ruling on Defendants' motion for summary judgment?  And, if so, isn't it also true that

26 the Court cannot rely upon her failure to return the questionnaires as a basis for a

27 summary judgment ruling that she was responsible for breakdown of the interactive

28 process?

1    7.    Question for Plaintiff:  What *specific* evidence in the record supports your

2  contention that the City failed to engage in the interactive process?

3    In responding to these questions, the parties should be prepared to provide docket

4  entry and page cites (i.e., "Docket 70-1 at page 15") so that the cited evidence can be

5  located by the Court in the docket.

6    Dated this 13th day of January, 2016.

7

8

9

10    David G. Campbell
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28