# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacia C Hill, | No. CV13-02315-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

The City of Phoenix has filed a motion for clarification of the Court's February 8, 2016 order (Doc. 83), which granted in part and denied in part the City's motion for summary judgment. Doc. 90. To focus this discussion and facilitate clear decisions, the Court will set forth its initial reaction in this order and a schedule for the parties each to file responses and replies.

1.  The City asks the Court to clarify whether the interactive process can break down before there is a final adverse employment action. Doc. 90 at 7. In the Court's view, it can. The interactive process can break down, for example, when a party rejects a possible accommodation and fails to propose a reasonable alternative. *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139 (9th Cir. 2001) (interactive process broke down when employer rejected employee's work-at-home request and failed to explore other accommodations); *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1116-17 (9th Cir. 2000) (interactive process broke down when "U.S. Air rejected all three of Barnett's proposed

reasonable accommodations and offered no practical alternatives"), *vacated on other grounds, U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002). This can happen before the end of the employment relationship. *See, e.g., Waterbury v. United Parcel Serv.*, No. 2:12-1911 WBS CKD, 2014 WL 325326, at *8 (E.D. Cal. Jan. 28, 2014) ("The interactive process appears to have broken down in late April or early May 2011, when defendant mailed plaintiff a letter informing him that it would no longer process his request," although plaintiff remained employed). If and when the process broke down is a question of fact for the jury. *See Barnett*, 228 F.3d at 1116-17 (whether the employer engaged in good faith in the interactive process is a question of fact). Under this reasoning, the interactive process between Plaintiff and City could have broken down in May or June of 2012, before Plaintiff's final failure to return to work.

2. The City asks the Court to clarify whether an employer can be liable for failing to engage in the interactive process if no reasonable accommodation would have been possible. One might have thought the Court's prior order sufficiently clear on this point. *See* Doc. 83 at 14 ("'Employers who fail to engage in the interactive process in good faith face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible.'") (quoting *Humphrey*, 239 F.3d at 1137-38). To the extent further clarification is necessary, the Court's initial reaction is that it is not enough for Plaintiff to show that the City failed to engage in the interactive process in good faith. She must also show that (1) she was a qualified individual with a disability when the City failed to engage in the interactive process in good faith, and (2) a reasonable accommodation (i.e., one allowing her to discharge the essential functions of the position) would have been possible but for that failure. *See Kramer v. Tosco Corp.*, 233 F. App'x 593, 596 (9th Cir. 2007) ("if a disabled person cannot perform a job's essential functions even with a reasonable accommodation, then the ADA's employment protections do not apply.") (citation and formatting omitted); *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1059 (7th Cir. 2014) ("Failure of the interactive process is not an independent basis for liability under the ADA. An employee must still show that she is a 'qualified individual with a disability' and that a reasonable accommodation would

have allowed her to perform the essential functions of her job.") (citations omitted).

It also seems clear that where an employer fails to engage in the interactive process in good faith and thereby prevents the employee from obtaining a reasonable accommodation, the employer has violated the ADA. As the Court sought to explain in its order, Plaintiff can seek to prove that (1) the City failed to engage in the interactive process in good faith, and (2) such a process would have led to job-saving accommodations. If she makes this showing, Plaintiff would be eligible for any form of relief that the ADA makes available to a person who prevails on a failure to accommodate claim, including damages for loss of her job. *Humphrey*, 239 F.3d at 1138. Doc. 83 at 17.[1]

3. The Court requests the parties reactions to these thoughts. By May 17, 2016, the parties each shall file a memorandum, not to exceed 8 pages, on these issues. By May 24, 2016, the parties each shall file a reply memorandum, not to exceed 5 pages, on these issues.

**IT IS ORDERED** that the motion for clarification (Doc. 90) is **granted**.

Dated this 11th day of May, 2016.

_____
David G. Campbell
United States District Judge

---

[1] Defendants' motion asserts that the Court's summary judgment ruling incorrectly described Plaintiff's claims in this case. Doc. 90 at 11-12. This is not an argument for clarification, but for reconsideration. Such a motion is untimely. *See* LRCiv 7.2(g)(2).

- 3 -