**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacia C Hill,<br><br>        Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>        Defendants. | No. CV-13-02315-PHX-DGC<br><br>**ORDER** |

On April 26, 2016, the City of Phoenix filed a motion for clarification of the Court's February 8, 2016 order (Doc. 83), which granted in part and denied in part the City's motion for summary judgment. Doc. 90. On May 11, 2016, the Court granted the motion, offered its preliminary thoughts on the questions presented, and set a briefing schedule. Doc. 92. The parties have submitted their memoranda and replies. Docs. 93-96. The Court offers the following clarification.

1. The fact that the employee and the employer remain in an employment relationship does not preclude a finding that the interactive process has broken down – in other words, that a party has failed to engage in the interactive process in good faith and thereby rendered reasonable accommodation impossible. The Ninth Circuit has held that the interactive process breaks down when a party rejects a possible accommodation and fails to propose an alternative. *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139 (9th Cir. 2001) (interactive process broke down when employer rejected employee's work-at-home request and failed to explore other accommodations); *Barnett v. U.S. Air,*

*Inc.*, 228 F.3d 1105, 1116-17 (9th Cir. 2000) (interactive process broke down when "U.S. Air rejected all three of Barnett's proposed reasonable accommodations and offered no practical alternatives"), *vacated on other grounds*, 535 U.S. 391 (2002).  Courts have found that a breakdown can occur within the context of an ongoing employment relationship.  *See, e.g., Waterbury v. United Parcel Serv.*, No. 2:12-1911 WBS CKD, 2014 WL 325326, at *8 (E.D. Cal. Jan. 28, 2014) ("The interactive process appears to have broken down in late April or early May 2011, when defendant mailed plaintiff a letter informing him that it would no longer process his request," although plaintiff remained employed) (applying analogous provision of California law); *Beem v. Providence Health & Servs.*, No. CV-10-0037-JLQ, 2011 WL 4852301, at *9 (E.D. Wash. Oct. 13, 2011) (reasonable jury could find that plaintiff caused breakdown in 2005, although plaintiff "continued to raise the issue of her disability thereafter" and was not terminated until 2009); *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130 (7th Cir. 1996) (breakdown occurred in June 1992, although plaintiff remained employed until September 1993).  The City fails to point to any case suggesting that a final employment action is necessary before breakdown can be said to have occurred.

   2. An employer's inaction or delay in responding to a request for reasonable accommodation can support a finding that the employer failed to engage in the interactive process in good faith – in other words, that the employer caused the breakdown.  The Americans with Disabilities Act ("ADA") imposes upon employers an affirmative duty to engage with their disabled employees.  "'A party that obstructs or delays the interactive process is not acting in good faith.  A party that fails to communicate, by way of initiation or response, may also be acting in bad faith.'"  *Barnett*, 228 F.3d at 1115 (quoting *Beck*, 75 F.3d at 1135).  For example, where additional information is needed for the parties to determine an appropriate accommodation, "failure to provide the information may be the cause of the breakdown and the party withholding the information may be found to have obstructed the process." *Beck*, 75 F.3d at 1136.  The City is therefore mistaken in its view that "there has to be some action on the Plaintiff's

request for reasonable accommodation . . . for the breakdown to occur." Doc. 93 at 2 (emphasis deleted).

      3.      Hill retains the burden of proof as to whether she was a qualified individual at the time of the breakdown, and whether a reasonable accommodation would have been possible but for the breakdown. As Hill notes, the Ninth Circuit suggested otherwise in *Morton v. United Parcel Service, Inc.*, 272 F.3d 1249 (9th Cir. 2001), writing that "[t]he question whether [an employer's failure to engage] should be excused because there would in any event have been no reasonable accommodation available is one as to which the employer, not the employee, should bear the burden of persuasion throughout the litigation." *Id.* at 1256. Several considerations lead the Court to conclude that this statement is neither binding nor a correct statement of the law.

First, the statement is dicta. It appears in a section discussing whether "driving DOT vehicles was . . . an essential function of the job of package car driver," in a paragraph that specifically cautions that the opinion "do[es] not independently address the interactive process cause of action." *Id.* & n.6. The court's analysis is cursory, and there is no indication that the issue was briefed. This appears to be a case where "a statement [wa]s made casually and without analysis . . . in passing without due consideration of the alternatives, or . . . merely as a prelude to another legal issue that command[ed] the panel's full attention." *United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001). For this reason, at least one court in this circuit has found the quoted language to be non-binding dicta. *See Yonemoto v. McDonald*, 114 F. Supp. 3d 1067, 1117 (D. Haw. 2015) (concluding that "*Morton*'s suggestion that at trial the burden of persuasion rests with a defendant that fails to engage in the interactive process is dicta" and declining to follow it).

Second, the statement in *Morton* is inconsistent with other more recent Ninth Circuit cases emphasizing that a plaintiff must show, as part of a prima facie case for failure to accommodate, that she was a qualified individual with a disability. *See Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (plaintiff "must

- 3 -

show that . . . she is a qualified individual able to perform the essential functions of the job with reasonable accommodation," and she "retains the burden of proof in making her prima facie case" throughout the litigation) (alterations incorporated) (citing *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)). The approach suggested in *Morton* would relieve the employee of the burden specifically assigned to her in *Samper*,[1] by forcing the employer to prove that no reasonable accommodation would have allowed the employee to discharge the essential functions of her job.

Third, as noted by Judge Seabright in *Yonemoto*, the approach suggested in *Morton* is inconsistent with the approach followed by virtually every other circuit court of appeals. 114 F. Supp. 3d at 1115 n.21 (collecting cases).

In light of these considerations, the Court concludes that an employee asserting an interactive process claim must show that she was a qualified individual at the time of the breakdown and that a reasonable accommodation would have been possible but for the breakdown. *See Yonemoto*, 114 F. Supp. 3d at 1117; *Weeks v. Union Pac. R.R. Co.*, 137 F. Supp. 3d 1204, 1217 (E.D. Cal. 2015).

4.   If and when the interactive process broke down is a question of fact for the jury. *See Lara v. DNC Parks & Resorts at Tenaya, Inc.*, No. 1:14-CV-000103-LJO, 2015 WL 4394618, at *14 (E.D. Cal. July 16, 2015) ("whether an employer engaged in a good faith interactive process with a disabled employee are traditional questions of fact"); *Poole v. Centennial Imports, Inc.*, No. 2:12-CV-00647-APG, 2014 WL 2090810, at *7 (D. Nev. May 19, 2014) ("Whether [the defendant] satisfied the statutory requirement of an interactive process is a question of fact for the jury."); *see also Beem*, 2011 WL 4852301, at *9 (although a reasonable jury "could determine that [plaintiff] was responsible for the breakdown in the interactive process when she declined the 8:30 a.m. start time" in 2005, it could also determine that the defendant was responsible for the breakdown when it denied plaintiff's request to work the graveyard shift in 2009).

---

[1] *Samper* applies to interactive process claims because these claims are a type of reasonable accommodation claim. *See, e.g., Kramer v. Tosco Corp.*, 233 F. App'x 593, 596 (9th Cir. 2007).

The City argues that the Court should provide a separate jury instruction on each possible point of breakdown. Doc. 96 at 4. The Court does not agree. The jury may consider the totality of the circumstances and make its own determination as to when, if ever, the breakdown occurred. *See Ellis v. Ethicon, Inc.*, No. CIV.A. 05-726 FLW, 2010 WL 3810884, at *3 (D.N.J. Sept. 21, 2010) ("by considering the totality of the circumstances, the jury could have found that [the defendant's] overall involvement in the interactive process was in bad faith"); *see generally Beck*, 75 F.3d at 1135 (for purposes of determining when breakdown occurred, "[n]o hard and fast rule will suffice").

5. The City's memorandum asks the Court to prevent Hill from recovering post-separation damages on the theory that these damages could not have been caused by the City's failure to engage in the interactive process. Doc. 93 at 4-6. The Court again concludes, however, that Hill can recover post-separation damages if she proves that such damages were caused by the City's failure to engage in the interactive process in good faith. As the Ninth Circuit explained in *Barnett*, an employer who fails to engage in the interactive process in good faith "face[s] liability for the remedies imposed by the statute." 228 F.3d at 1116. Those remedies include compensatory damages for failure to provide a reasonable accommodation. *See* 42 U.S.C. § 1981a(2) (providing for recovery of compensatory damages against defendant who violates § 102(b)(5) of the ADA (42 U.S.C. § 12112(b)(5)) by failing to make reasonable accommodation). To meet this burden, Plaintiff will need to prove at least the following elements of her ADA claim: (1) she was a qualified individual with a disability; (2) she requested additional accommodations for her disability; (3) the City did not make a good faith effort to assist her in obtaining additional accommodations; (4) the City's failure to engage in good faith prevented the parties from implementing an available reasonable accommodation that would have allowed Plaintiff to discharge the essential functions of her position; and (5) as a result, Plaintiff was unable to discharge the essential functions of her position and lost her position. *See Taylor v. Phoenixville 299 School Dist.*, 184 F.3d 296, 319-20 (3d

Cir. 1999); 42 U.S.C. § 12112(b)(5)(A) (employer violates the ADA by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability"). The Court does not propose this language as the final wording of the relevant jury instruction, but instead will confer with the parties regarding the precise wording of the jury instructions.

Dated this 24th day of June, 2016.

_____
David G. Campbell
United States District Judge