**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacia C Hill, | No. CV-13-02315-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

The parties have filed several motions in limine. The Court will address each of the motions separately, and then address a few trial-related matters.

1. Plaintiff's first motion in limine (Doc. 105) seeks to exclude any evidence of her post-separation employment with USAA. The Court concludes that such evidence may be relevant to the damages Plaintiff claims for lost wages after her separation. For this reason, the Court will deny Plaintiff's motion. Because of its potentially prejudicial effect, however, Defendant should raise this issue with the Court before presenting evidence or argument to the jury regarding the post-separation employment. This will enable the Court to determine precisely what evidence should be admitted in light of evidence at issue in the trial.

2 Plaintiff's second motion in limine (Doc. 107) asks the Court to preclude the City from presenting evidence of Plaintiff's discipline related to actions in 2007-2009 where she contested the City's crediting of her leave time for purposes of retirement.

This evidence may be relevant (a) if Plaintiff claims to have had an unblemished career at the City, (b) if Plaintiff calls Detective Furniss to testify, and (c) in explaining some of Plaintiff's communications in May and June of 2012.  Because the Court cannot conclude at this time that the evidence will be inadmissible, it will deny Defendant's motion.  The City should raise this issue with the Court, outside the hearing of the jury, before mentioning this evidence during trial.  The Court will be better equipped during trial to determine whether and to what extent the evidence should be admitted.

3.	Plaintiff's third motion in limine (Doc. 108) seeks to exclude evidence of Plaintiff's previous accommodation requests and claims against the City.  The City argues that this evidence may be relevant to understanding Plaintiff's accommodation claims in this case (which were oral, as posed to her previous written requests), the City's previous accommodations of Plaintiff's conditions and how those affected the City's actions in this case, Plaintiff's previous experience with the desk sergeant position, and the communications the City received from Drs. Carson and Anthony.  The Court concludes that these are possible relevant uses of the evidence, and therefore will deny the motion.  The Court will rule on objections during trial.

4.	Plaintiff's fourth motion in limine (Doc. 110) asks the Court to exclude a chart created by Lt. Lopez to reflect Plaintiff's attendance record and text communications with Lopez.  Doc. 68-1 at 6-8.  Plaintiff contends that the chart is inadmissible hearsay, irrelevant, unduly prejudicial, and not the best evidence of the text messages it purports to quote.  Because the Court cannot determine whether the chart is admissible without hearing the testimony of Lt. Lopez, the Court will deny the motion in limine, but the Court provides the following guidance for the parties' consideration.

The City contends that the chart is admissible under Rule 803(6) as a record of a regularly conducted activity.  During the final pretrial conference, the Court questioned whether the chart was created in the course of a regularly conducted activity, and whether the record was a regular practice of that activity, as required by Rule 803(6)(B) and (C).  The Court has reviewed the cases cited by the City and does not find them helpful.

- 2 -

Doc. 128 at 2. They do not address Rule 803(6), but instead address whether certain documents are agency records for purposes of the Privacy Act of 1974 and the Freedom of Information Act.

A respected treatise provides this explanation of the 803(6)(B) and (C) requirements:

> Memoranda that are casual, isolated, or unique do not qualify as records of a regularly conducted activity. However, records that are commonly, if not routinely or formally, made in the course of a "regularly conducted activity of a business, occupation, or calling" are generally admissible if they meet the other requirements of admissibility, unless the sources of information or other circumstances indicate lack of trustworthiness.

5-803 Weinstein's Federal Evidence § 803.08 (2015). The question at trial will be whether the testimony of Lt. Lopez satisfies this requirement and the other requirements of Rule 803(6).

The City also contends that the chart is admissible as recorded recollection. This will be true if the City satisfies the elements of Rule 803(5) through testimony by Lt. Lopez. With respect to Rule 803(5)(C), Weinstein's provides this guidance: "Accuracy may be shown by testimony from the witness regarding the circumstances in which the witness made or adopted the record and the witness's statement that the witness knew it to be true. Alternatively, it is sufficient if the witness testifies that the witness knows that this record is correct because it was the witness's habit or practice to record such matters accurately." *Id.* § 803.07. If admitted under Rule 803(5), the chart may be read to the jury, but may not be received as an exhibit unless offered by Plaintiff.

The City also asserts that the chart should be admitted under Rule 807. That will depend, of course, on whether the City can satisfy the requirements of the rule at trial.

Even if the chart is admissible under Rule 803 or 807, there will be an issue of hearsay within hearsay. Statements made by Plaintiff and reflected in the chart are non-hearsay under Rule 801(d)(2). But statements made out of court by Lt. Lopez and

reflected in the chart are not admissible under that rule because he is not a party-opponent of the City. The City will need to address his statements and any other hearsay within the chart identified by Plaintiff.

The best evidence rule is captured in Rules 1001-1008. Rule 1001(a) makes clear that the rule applies to text messages (letters set down in any form). Rule 1001(d) makes clear that the "original" of a text message includes a printout or "other output readable by sight." Clearly, Lt. Lopez's chart, which purports to include quotations from text messages he and Plaintiff sent, does not constitute an "original" of the text messages. Rule 1002 provides that an original of a writing is required to prove its contents unless the rules of evidence or a statute provides otherwise. Although Rule 1003 permits the admission of duplicates, Rule 1001(d) defines a duplicate as "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." Because Lt. Lopez's written recording of text messages does not constitute a duplicate under this definition, it is not admissible under Rule 1003. Thus, it appears that the best evidence issue will turn on whether Rule 1004 applies. In addressing this issue at trial, the parties should also address whether the Rule 1004 issues are to be determined by the Court or the jury under Rule 1008.

The Court does not find that admission of the chart – if it is admissible – would raise concerns under Rule 403. The chart is highly relevant to issues in this case, and it does not appear that the chart would be unfairly prejudicial, confusing, or time-wasting. The Court will, however, hear objections on this basis that Plaintiff wishes to make at trial.

5.     Plaintiff's fifth motion in limine (Doc. 111) seeks to exclude various items of evidence that came into existence after her employment with the City ended on June 30, 2012. Some of these items may be relevant, however, to events that occurred before her separation (such as statements in her disability challenge concerning her disability onset date, and statements in her appeal of the City's decision); to treatment by Dr. Kroleski, whom Plaintiff has listed as a witness; and to her claim for post-

employment damages.  Because the Court cannot conclude, at this stage, that the documents would be irrelevant or inadmissible under Rule 403, the City's motion will be denied.

6. The City's first motion in limine (Doc. 102) seeks to bar Plaintiff from using the word "termination" during trial, noting that the Court granted summary judgment on her wrongful termination claim.  The Court also held, however, that Plaintiff may argue that the City's failure to engage in the interactive process in good faith resulted in her not receiving job-saving accommodations, and may seek damages for having lost her employment as a result.  The jury will hear evidence concerning the circumstances under which Plaintiff's employment ended.  Given that fact, and the fact that Plaintiff's claims will be clearly explained to the jury in instructions, the Court concludes that it should not attempt to control the parties' language too closely.  (Plaintiff similarly argues that the City should be precluded from referring to her departure as "job abandonment.")  The Court notes, however, that it may feel the need to give a clarifying instruction to the jury if Plaintiff suggests that an express termination occurred at the end of her employment, or if Plaintiff argues – contrary to the Court's ruling – that she was able to perform the functions of her job in late June.  The motion is denied.

7. The City's second motion in limine (Doc. 103) argues that Plaintiff should not be permitted to present evidence of her post-employment damages because the City's conduct did not cause such damages.  The Court agrees that Plaintiff can recover only those damages caused by the City, but causation is a question for the jury.  The jury may conclude that if the City had provided accommodations in April and May of 2012, Plaintiff's condition would not have worsened to the point in June where she was no longer able to perform her job, and Plaintiff would still be employed by the City today.  As the City notes, the Court did find that Plaintiff had failed to present evidence of an accommodation that could have saved her job in late June.  But this does not preclude the jury from finding that earlier accommodations would have prevented Plaintiff from reaching the point where her job could not be saved through June accommodations.  The

Court will deny the motion.

8. The City's third motion in limine (Doc. 104) seeks to preclude Plaintiff from presenting evidence related to claims that have been dismissed. The City includes discrimination in the list of such claims, but Plaintiff's ADA claim is a discrimination claim. The claim to be tried in this case is that the City violated the ADA by failing to engage in the interactive process in good faith, which led to a failure to accommodate Plaintiff's disability and resulted in damages. Evidence admitted at trial will be limited to proving or disproving this claim. The Court will rule on the admissibility of evidence in the context of trial. The motion is therefore denied.

9. The City's fourth motion in limine (Doc. 106) seeks to preclude the testimony of Plaintiff's damages expert, Lisa Clapp. The City does not critique Ms. Clapp's qualifications or general methodology. Instead, the City asserts that Ms. Clapp made several errors, failed to account for relevant facts, and relied on conclusory assertions by Plaintiff. These are valid criticisms of Ms. Clapp's opinion that may be presented to the jury during trial, but the Court does not view them as a basis for excluding her testimony under Rule 702. In December of 2000, Rule 702 was amended to codify the gatekeeping requirements of *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 583 (1993). The Advisory Committee Note to the 2000 amendments states that "rejection of expert testimony is the exception rather than the rule. *Daubert* did not work a seachange over federal evidence law, and the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." Fed. R. Civ. P. 702 (2000 Adv. Comm. Note) (quotation marks and citation omitted). Thus, as one court has explained, "[i]n serving its gatekeeping function, the court must be careful not to cross over into the role of factfinder. It is not the job of the court to insure that the evidence heard by the jury is error free, but to insure that it is not wholly unreliable." *Southwire Co. v. J.P. Morgan Chase & Co.*, 528 F.Supp.2d 908, 928 (W.D. Wis. 2007). As the Supreme Court explained in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and

appropriate means of attacking shaky but admissible evidence." 509 U.S. at 595. The City's motion is therefore denied.

10. The City's fifth motion in limine (Doc. 109) seeks to preclude Plaintiff's medical experts from expressing expert opinions at trial and asks the Court to limit these witnesses to testimony about their treatment and care of Plaintiff. The Court's Case Management Order contains this instruction:

> In *Goodman v. Staples The Office Superstore*, LLC, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

Doc. 36 at 3 n.1. Plaintiff's counsel confirmed during the final pretrial conference that Plaintiff's medical experts, all of whom are treating physicians, did not provide reports under Rule 26(a)(2)(B). As a result, their testimony will be limited to opinions formed during the course of treatment and identified in Plaintiff's Rule 26(a)(2)(C) disclosures. Plaintiff's motion in limine is granted in part in light of this ruling.

11. The City's sixth motion in limine (Doc. 112) seeks to preclude Dr. Carson from testifying about his PTSD diagnosis at trial. Plaintiff acknowledges that Dr. Carson did not reach this diagnosis until some three years after she left her employment and that the opinion was not disclosed in a Rule 26(a)(2)(B) report. The parties also agree that the PTSD diagnosis was never communicated to the City during Plaintiff's requests for accommodation. In light of these facts, the Court concludes that Dr. Carson should not testify about his PTSD diagnosis at trial. It was not disclosed as required by the Court's case management order, it was not considered by the City in making accommodation decisions in this case, and PTSD can be a sensitive and serious subject, raising the prospect of unfair prejudice were it to be disclosed. The prejudice would be unfair because, as noted, the diagnosis was never disclosed to the City during the period in

question. The diagnosis is precluded under Federal Rule of Civil Procedure 37(c)(1) and Federal Rule of Evidence 403. The motion in limine is granted.

13. The City's seventh motion in limine (Doc. 113) seeks to exclude several of Plaintiff's listed witnesses as cumulative, lacking qualification to opine on Plaintiff's condition, and on the basis of hearsay. The motion will be denied. The witnesses are not doctors, but they may be permitted to provide lay opinions under Rule 701 concerning Plaintiff's condition. The Court fully intends to enforce the hearsay rules, but cannot conclude at this time that the testimony of these witnesses will necessarily be barred by those rules. The Court will rule on hearsay objections as testimony proceeds. Rule 403 permits the Court to exclude needless cumulative evidence, but this too is a decision that can only be made in the context of trial.

13. The City's eighth and ninth motions in limine (Docs. 114, 115) ask the Court to bar Plaintiff from seeking to recover damages from stress caused by this litigation and stress caused by the Pension Board's denial of her claim for medical retirement. Plaintiff states that she does not seek to recover damages for stress caused by this litigation, so the motion at Doc. 114 will be granted on that issue. Plaintiff contends that the Pension Board – which the City claims, and Plaintiff does not dispute, is a separate governmental entity – denied her medical retirement because the City labelled her as having abandoned her job. Plaintiff contends that she can recover damages for being wrongfully denied medical retirement benefits.

The Court does not know enough about this issue to make a final ruling, but has several doubts about Plaintiff's arguments. If Plaintiff is seeking to recover lost wages through her damages expert, it would seem that recovering medical retirement benefits as damages would be duplicative. Plaintiff may not be seeking the actual medical retirement benefits, but instead seeking only to recover for the stress of having been denied those benefits. But even if that is the limit of Plaintiff's claim, it appears that the denial was made by an independent government agency. The Court has difficulty concluding that stress caused by a decision of an independent government agency was

- 8 -

proximately caused by the City's alleged ADA violation. And if Plaintiff's argument is that representatives of the City appeared before the Pension Board and argued that she should be denied benefits because she abandoned her job, that would appear to a separate wrong from the failure to accommodate under the ADA – a wrong that has not been asserted as a claim in this case. The parties should be prepared to address these issues at trial. Because the Court cannot yet rule on this issue, the remainder of the motion at Doc. 114 and the motion at Doc. 115 are denied. Because the Court has doubts about this theory of damages, Plaintiff should not mention it to the jury without first raising it with the Court during trial.

14. The City's tenth motion in limine (Doc. 116) seeks permission to present the history of accommodations the City provided to Plaintiff. Plaintiff objects, arguing that City accommodations provided before April of 2012 are irrelevant and will mislead and confuse to the jury. The Court does not agree. Although the Court cannot conclude at this point that every accommodation and every item of evidence the City seeks to admit is relevant, and therefore will deny the motion in limine, the Court concludes that the history of Plaintiff's and the City's accommodation discussions and efforts is relevant to the jury's determination of several important issues in this case: whether the City failed in 2012 to engage in the interactive process in good faith, whether the accommodations requested by Plaintiff and granted or denied to the City in 2012 were reasonable, and whether to believe Plaintiff's or the City's conflicting versions of what occurred in 2012. The Court will rule on specific objections at trial.

15. Other trial-related matters:

a. The parties' proposed final pretrial order is approved by the Court as the final pretrial order in this case. The order shall govern the presentation of evidence and other trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

b. Trial in this case will start on Friday, July 15, 2016, at 9:00 a.m. Trial will continue on July 18-22, 2016. The parties should be in the courtroom and ready to proceed at 8:30 a.m. on July 15, 2016.

c. Plaintiff shall be allotted 12.5 hours of trial time and Defendant shall be allotted 12.5 hours of trial time. The Court will keep track of each side's time. Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' allotted time.

d. A final conference will be held on July 13, 2016, at 4:00 p.m., for the purpose of addressing the Court's proposed voir dire and preliminary jury instructions, and any other last-minute issues that might affect the trial.

e. Counsel for the parties shall meet in person to discuss settlement by July 8, 2016.

Dated this 27th day of June, 2016.

_____
David G. Campbell
United States District Judge