**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacia C. Hill,<br><br>                Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>                Defendants. | No. CV13-2315 PHX DGC<br><br>**ORDER** |

      Defendant City of Phoenix prevailed at trial on Plaintiff Stacia Hill's claims under the Americans with Disabilities Act ("ADA"). The City now seeks an award of $368,167.56 in attorneys' fees, expert witness fees, and non-taxable costs against Plaintiff. Doc. 177. The City's motion is fully briefed, and no party has requested oral argument. Because the City cannot clear the high threshold for an award of fees and non-taxable costs under the relevant statute, the Court will deny the motion.

      The City makes its request under 42 U.S.C. § 12205, which provides that a court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs[.]" As the City notes in its motion, fees and costs may be awarded to a defendant under this statute only if the court finds that the plaintiff's action was "frivolous, unreasonable, or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Ninth Circuit has instructed that "civil defendants can be awarded fees under this statute only in exceptional circumstances." *Kohler v. Flava*

*Enterprises*, *Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015).

Plaintiff sought to recover $3 million in damages based on the City's alleged failure to accommodate her disabilities. Plaintiff claimed that she informed her supervisor of her disabilities and timely requested reasonable accommodations, and that the City failed to engage in an interactive process to find appropriate accommodations. The City presented evidence that it was not aware of Plaintiff's ankle problems at the time Plaintiff alleged, that Plaintiff did not request accommodations at the time she alleged, and that her managers undertook significant efforts to communicate with her and provide reasonable accommodations. Following a five-day trial, the jury deliberated less than one hour before returning a defense verdict. Clearly, the jury did not accept Plaintiff's testimony about her communications with the City.

The City argues that it is entitled to fees and costs because the jury did not believe Plaintiff's testimony: "The City agrees that this case turned on the credibility of the witnesses – or, rather, one witness – Plaintiff. Because the jury concluded she lacked credibility, the case lacked merit." Doc. 181 at 2-3. The Court cannot agree that Plaintiff's claim was frivolous, unreasonable, or without foundation merely because the jury did not believe her testimony. If that were the law, awards of fees and costs to ADA defendants would not be limited to exceptional circumstances as the Ninth Circuit has instructed, but would be available in every case that turned on witness credibility.

The Supreme Court has provided this helpful guidance:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

*Christianburg Garment*, 434 U.S. at 421-22.

- 2 -

Plaintiff presented sufficient evidence to survive summary judgment and the City's Rule 50 motion. At trial, the City did not dispute that Plaintiff had serious disabilities – a severe ankle problem and shift work sleep disorder. The trial turned on the credibility of Plaintiff and the City's witnesses. The Court cannot conclude that Plaintiff's claim was frivolous, unreasonable, or without foundation simply because the jury found the City's evidence more credible, even if the jury reached its verdict quickly.

The City notes that a question asked by the jury during deliberations could be read as suggesting that the jury wanted to award damages to the City. *See* Doc. 167. But even if this is true, the fact that the jury viewed the evidence as strongly favoring the City does not mean that the City can recover fees and costs under the statute. The Ninth Circuit has instructed that a defense victory does not justify an award under 42 U.S.C. § 12205, "even in cases which are resolved at summary judgment because no 'reasonable jury could return a verdict in [the plaintiff's] favor.'" *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1267 (9th Cir. 2015) (quoting *Thomas v. Douglas*, 877 F.2d 1428, 1434 & n. 8 (9th Cir.1989)). If a plaintiff's failure to present enough evidence to survive summary judgment does not constitute exceptional circumstances justifying fees, a defense verdict at trial – even a resounding one – does not satisfy that requirement either.

**IT IS ORDERED** that the City's motion for attorneys' fees, expert witness fees, and non-taxable costs (Doc. 177) is **denied**.

Dated this 6th day of September, 2016.

_____
David G. Campbell
United States District Judge